# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TODD McELROY, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV419-011 |
| LAZEGA & JOHANSON, LLC, | ) | |
| Defendant. | ) | |

## ORDER

Proceeding *pro se* under the guise of a civil rights complaint and invoking the Social Security Act (apparently solely because he receives benefits), Todd McElroy asks this Court to sanction attorney Mark A. Moore, who sent plaintiff a collections notice on his firm letterhead in pursuit of a debt. Doc. 1. It is unclear precisely what transpired, given the barebones nature of plaintiff's Complaint. He attaches a Social Security benefit statement and a copy of 42 U.S.C. § 407 (which provides that Social Security benefits cannot be garnished or assigned), a copy of an October 2018 collections letter seeking $1,023.66 owed to Unifund CCR, LLC, a copy of a Chatham County magistrate court statement of claim (case MGCV18-16090) filed by Moore on behalf of Unifund CCR, and a copy of the dismissal without prejudice of that claim. *Id*. at 6-17.

McElroy seeks "punitive money damages for $5,000 because Attorney Mark A. Moore tried to force me to pay $1,023.66 to him because he was a scam." *Id*. at 4. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915(e).[1]

In enacting the federal Fair Debt Collection Practices Act (FDCPA), Congress sought "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Brown v. Budget Rent-A-Car Syss., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997). The Act prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as the use of "unfair or unconscionable" means of collection. 15 U.S.C. §§ 1692(e) and 1692f. The FDCPA does not ordinarily require proof of intentional

---

[1] Where the plaintiff is proceeding IFP, the Court is required to screen the case and dismiss it at any time the Court determines either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

violation and, as a result, is described by some as a strict liability statute. *See* 15 U.S.C. § 1692k; *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (2010). Available remedies under the FDCPA include actual damages, the potential for additional damages up to $1,000 subject to the Court's discretion, and reasonable costs and attorney's fees. 15 U.S.C. § 1692k(a)(1)-(3).

Within the non-exhaustive list of potential violations of Section 1692e, Subsection 1692e(5) prohibits a debt collector from "threatening to take action that cannot legally be taken or that is not intended to be taken." Section 1692g(b) then states:

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b) (emphasis supplied).

Here, Unifund (the original debt holder) and Lazega & Johanson (the law firm collecting the debt on Unifund's behalf) are arguably subject

to the FDCPA, as they are "debt collectors" seeking to recover from plaintiff on an outstanding "consumer debt." Both have engaged in "collection activity," given the lawsuit filed in state court.[2] The dunning letter sent on October 9, 2018, however, merely states that "[i]f I do not hear back from you, I can only assume you do not want to resolve the account amicably." Doc. 1 at 7. It is not clear that the letter constitutes a "threat" even when viewed through the eyes of the hypothetical "least-sophisticated consumer." *LeBlanc*, 601 F.3d at 1195. Moreover, it is unclear that, by filing a claim with the Magistrate Court on November 26, 2018, either engaged in deceptive collection techniques. After all, under Georgia law, the filing of a lien by a creditor is a necessary step for securing payment of a debt. *See, e.g., Country Greens Village One Owner's Ass'n, Inc. v. Meyers*, 158 Ga. App. 609, 609-10 (1981). The FDCPA does not

---

[2] As set forth in *LeBlanc*,

> The FDCPA does not expressly define "collection activity." However, the Supreme Court has held that initiation of legal proceedings by a creditor can constitute a debt collection activity. *Heintz v. Jenkins*, 514 U.S. 291, 293-96 (1995) (quoting BLACK'S LAW DICTIONARY 263 (6th ed. 1990) which states that "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings."); b*ut see Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F.Supp.2d 1356 (M.D. Fla. 2007) (initiation of foreclosure suit by a secured creditor is not a debt collection practice barred by the FCCPA), *aff'd*, 288 F. App'x 571 (11th Cir. 2008).

601 F.3d at 1193 n. 14.

preempt lien rights, *Shimek v. Wissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011, 1013 (11th Cir. 2004), or prohibit the filing of a lawsuit *prior* to a consumer's request for verification of the debt, *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997).

Plaintiff's own Complaint implies that the state collection action was dismissed once he "counterclaim[ed]" — *i.e.*, McElroy did not dispute the debt until after Unifund went to the state court. Doc. 1 at 4.[3] Thus, going to the state court prior to McElroy's request to verify the debt did not run afoul of the FDCPA. Indeed, it appears that once McElroy demanded verification of the debt, Unifund/Lazega & Johanson ceased their collection activities. *See* doc. 1 at 16 (dismissal without prejudice pursuant to O.C.G.A. § 9-11-41(a)). That immediate cessation of collection efforts, of course, was precisely what the debt collectors were required to do pursuant to § 1692(g).

As pleaded, in other words, McElroy has shown nothing more than *compliance* with the FDCPA. He certainly has not shown any harm

---

[3] Indeed, it appears that the main dispute McElroy had with the debt was that his sole source of funds are Social Security benefits, and he and Moore were engaged in a hearty, undated debate about whether Unifund could take McElroy's Social Security funds to pay his debt. *See* doc. 1 at 10-12, 14-15.

5

flowing from Unifund/Lazega & Johanson's activities. His mere annoyance or concern that he even had to demand a debt verification to trigger the cessation of collection efforts, of course, is not enough to sustain a claim under the FDCPA. And absolutely nothing about his Complaint, aside from listing benefits as the source of his income, calls into question the Social Security Act. McElroy's Complaint fails to plead any federal claim. Because of his *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to give leave freely "when justice so requires," however, the Court will give plaintiff another chance to explain the facts surrounding his claims. McElroy must include a coherent "short and plain statement of the claim showing" that he is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). That means he must present the Court with the factual allegations that support his assertions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendant violated the law is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To that end, plaintiff is **ORDERED** to file an Amended Complaint within 14 days of the day this Order is served or face a recommendation of

dismissal. The Amended Complaint must contain facts establishing *each* claim against *each* defendant. Plaintiff is advised that his amended complaint will supersede the original complaint and therefore must be complete in itself.[4] Once plaintiff files an amended complaint, the original pleading will no longer serve any function in the case.

**SO ORDERED** this   30th   day of April, 2019.

*[signature: Christopher L. Ray]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4]  *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").