# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TODD MCELROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-011 |
| | ) | |
| LAZEGA & JOHANSON, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Proceeding *pro se*, Todd McElroy was ordered to amend his civil rights complaint to elucidate the federal claim he was leveling against defendant. Doc. 4. McElroy has filed an Amended Complaint which does not even begin to clarify matters. *See* doc. 5 (copying large swaths of statutory language in lieu of setting forth factual allegations). Rather than answering the Court's request for clarification, he explains that

> FACTS
>
> Lack of personal jurisdiction — I was not properly served with the summon and Mark A. Moore since Sheriff Deputy with summon served to come at my house.
>
> Standing — I don't have a relationship with Mark A. Moore;
>
> Usury — the amount of interest sought exceeds the rate permitted by law;
>
> Unclean Hands — Mark A. Moore has acted improperly and thereby

caused his own damages.

All of above for violations of the Fair Debt Collection Practices Act (FDCPA) in which the collection agency or its attorney used false, misleading, or harassing means to collect the debt.

Doc. 5 at 1.

In other words, McElroy believes that Lazega & Johnson LLC's conduct — initiating a collection action against him and then ceasing that effort when he demanded verification of the debt owed — was somehow unlawful. The Court was already aware of these allegations. But he has not alleged any actual *facts* supporting that belief. His "facts" section is mere legal conclusions, and does not address the deficiencies identified in the Court's screening order. *Compare* docs. 4 & 5.

As set forth in that Order (doc. 4), the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as the use of "unfair or unconscionable" means of collection. 15 U.S.C. §§ 1692e and 1692f. Subsection 1692e(5) prohibits a debt collector from "threatening to take action that cannot legally be taken or that is not intended to be taken." It further states that, if the consumer disputes the debt, the debt collector must cease collection efforts unless and until verification of the

debt is provided. 15 U.S.C. § 1692g(b) (emphasis supplied). Nothing in McElroy's amendment indicates that Unifund (the original debt holder) or Lazega & Johanson (the law firm collecting the debt on Unifund's behalf) and Mark A. Moore (the attorney that signed the collection letter) violated the FDCPA. As previously explained:

> Plaintiff's own Complaint implies that the state collection action was dismissed once he "counterclaim[ed]" — *i.e.*, McElroy did not dispute the debt until after Unifund went to the state court. Doc. 1 at 4. Thus, going to the state court prior to McElroy's request to verify the debt did not run afoul of the FDCPA. Indeed, it appears that once McElroy demanded verification of the debt, Unifund/Lazega & Johanson ceased their collection activities. *See* doc. 1 at 16 (dismissal without prejudice pursuant to O.C.G.A. § 9-11-41(a)). That immediate cessation of collection efforts, of course, was precisely what the debt collectors were required to do pursuant to § 1692(g).
>
> As pleaded, in other words, McElroy has shown nothing more than *compliance* with the FDCPA. He certainly has not shown any harm flowing from Unifund/Lazega & Johanson's activities. His mere annoyance or concern that he even had to demand a debt verification to trigger the cessation of collection efforts, of course, is not enough to sustain a claim under the FDCPA. And absolutely nothing about his Complaint, aside from listing benefits as the source of his income, calls into question the Social Security Act. McElroy's Complaint fails to plead any federal claim.

Doc. 4 at 3-6.

The Court will provide McElroy with one more opportunity to plead a federal claim. Plaintiff is **ORDERED** to file a Second Amended

3

Complaint within 14 days of the day this Order is served or face a recommendation of dismissal. The Amended Complaint must contain **facts** establishing *each* claim against *each* defendant. Mere legal conclusions will not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (mere conclusions that defendant violated the law is not enough); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Plaintiff is advised that his second amended complaint will supersede any prior complaint and therefore must be complete in itself. Once plaintiff files a second amended complaint, the prior pleadings will no longer serve any function in the case. If plaintiff fails to set forth facts supporting this Court's jurisdiction, he will not be given a third opportunity to correct the deficiencies of his complaint and the Court will recommend the case be dismissed for failure to set forth a cognizable federal claim.

**SO ORDERED** this __6th__ day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA