# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TODD MCELROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-011 |
| | ) | |
| LAZEGA & JOHANSON, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Todd McElroy was again ordered to amend his civil rights complaint to elucidate the federal claim he was leveling against defendant. Doc. 7. McElroy has filed a Second Amended Complaint which only emphasizes that he has no federal claim. Doc. 8. Plaintiff explains that, after informing Lazega & Johnson, LLC, attorney Mark A. Moore (who signed a dunning letter seeking repayment of a debt, and filed a state court case against plaintiff) that his only source of income was Social Security benefits which could not be garnished, Moore moved to dismiss the state action. *Id*. at 1-2. It also appears (though it is not

clear) that McElroy concedes the validity of the debt itself, but dislikes that it was sold to a debt collector. *See id.* ("Unifund CCR, LLC had my debt that was in the amount of $1,023.66" but "removed 'First National Bank of Omaha' on my credit report WITHOUT my knowledge."). That dissatisfaction, of course, is not enough to state a claim under the Federal Debt Collection Practices Act (FDCPA).

McElroy again quotes extensively from the statute, invoking the Act's prohibition on misrepresentation as an agency of the United States to grumble about the initiation of the *state* court action. Doc. 8 at 1. He also disputes that "attorney" Mark A. Moore represented himself as an attorney, apparently in violation of another section of the Act. *Id*. at 2. And he somehow construes the "dismissal without prejudice" in the state court action as proof positive of a "false or misleading representation" in violation of the FDCPA, to include the "threat to take any action that cannot legally be taken" (though, as he knows from this Court's first screening order, "under Georgia law, the filing of a lien by a creditor is a necessary step for securing payment of a debt. *See, e.g., Country Greens Village One Owner's Ass'n, Inc. v. Meyers*, 158 Ga. App. 609, 609-10 (1981)." (doc. 4 at 4)) and the "use of any business, company, or

2

organization name other than the true name of the debt collector's business, company or organization" (which is pure mush, given that Lazega & Johanson clearly set forth both its own and its client Unifund CCR's names in all correspondence and pleadings).

The Court is forced to reiterate: "[n]othing in McElroy's amendment indicates that Unifund (the original debt [collector]) or Lazega & Johanson (the law firm collecting the debt on Unifund's behalf) and Mark A. Moore (the attorney that signed the collection letter) violated the FDCPA." Doc. 7 at 3; *see also* doc. 4 at 3-6. His repeated invocation of the Social Security Act as his sole source of income, as he has been repeatedly informed, also gives McElroy no federal claim on which to hang this Court's jurisdiction. *See id.* In other words, McElroy has thrice proved unable to muster a cognizable federal claim. He was warned that such failure would result in a recommendation of dismissal. Doc. 7 at 4.

Because plaintiff has demonstrated he is incapable of articulating any cognizable federal claim over which this Court may assert jurisdiction, and because a fourth attempt to amend would be futile, McElroy's Complaint should be **DISMISSED without prejudice and without leave to amend**. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines

3

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this __10th__ day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA